IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SOKPHO CHRUN,
    Petitioner

v.

ERIC HOLDER, et al.,
    Respondents

CIVIL NO. 3:11-53

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

FILED
SCRANTON
APR 20 2011
PER _____
DEPUTY CLERK

## MEMORANDUM and ORDER

On January 7, 2011, Petitioner, Sokpho Chrun, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration related detention. (Doc. 1). Petitioner is currently in the custody of the Department of Homeland Security ("DHS") at the York County Prison and seeks an order directing the United States Immigration and Customs Enforcement ("ICE") to release him during the pendency of his removal proceedings. (Doc. 1).

On February 14, 2011, a Report was issued by United States Magistrate Judge Martin C. Carlson recommending that the petition be denied. (Doc. 8). No objections were filed. The matter is ripe for disposition and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

### Discussion

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d

Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Conversely, when no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter, 2008 U.S. Dist. LEXIS at *4-5 (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Petitioner has not filed objections to the report and recommendation, thus, a de novo determination is not required. See Henderson, 812 F.2d at 878-79 ("[F]ailure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court-but not in the loss of the statutory right to appellate review."). Regardless, an independent examination of the petition and the R&R was undertaken. See Peter, 2008 U.S. Dist. LEXIS 57782 at *4-5, citing, Henderson, 812 F.2d at 878 (it is better practice to afford

some level of review to dispositive legal issues raised by the report).

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a ninety day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). While, during the ninety day "removal period," the alien must be detained, see id. § 1231(a)(2), after the ninety day removal period, the government may further detain the alien or release him subject to conditions of release. See id. § 1231(a)(6). Further detention is limited. For instance, in Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that such further detention under § 1231(a)(6) is only permissible for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention" ).

Petitioner is a native and citizen of Cambodia and entered the United States in 1981. (Doc. 1, pgs. 2-3; Doc. 8, pg. 2). His status was changed to that of lawful permanent resident in November 1983. (Doc. 1, pg. 3; Doc. 8, pg. 2). In July 1996, Petitioner was convicted of assault and battery with deadly weapons and was sentenced to two and one-half years in prison. (Doc. 1, pg. 3; Doc. 8, pg. 2). In July 1997, Petitioner was convicted of murder and was sentenced to ten

to twenty years in prison. (Doc. 1, pg. 3; Doc. 8, pgs. 2-3). On November 25, 1997, immigration officials served Petitioner with a Notice to Appear indicating that he was removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). (Doc. 6, Ex. 1; Doc. 8, pg. 3). An immigration judge ordered Petitioner to be removed to Cambodia on May 28, 2002. (Doc. 6, Ex. 4; Doc. 8, pg. 3). Petitioner waived his right to appeal, making that decision a final order of removal. (Doc. 8, pg. 3). Immigration officials took custody of Petitioner on May 4, 2010. (Doc. 8, pg. 3). On August 6, 2010, a Field Officer Director issued a Decision to Continue Detention, concluding that Petitioner was a threat to society and that his removal was imminent. Petitioner was informed that if he was not released or removed from the United States by October 31, 2010, jurisdiction of his custody decision would be transferred to Headquarters Case Management Unit. On December 6, 2010, a Decision to Continue Detention was issued by immigration officials, stating that "[t]here is no reason to believe at this time that your removal will not take place within the reasonably foreseeable future." (Doc. 6, Ex. 3; Doc. 7, Ex. 1).

Petitioner argues that his continued pre-removal detention violates due process because there is no likelihood of removal in the reasonably foreseeable future and, therefore, his continued detention violates Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Section 1231(a)(1) of Title 8 of the United States Code requires the Attorney General to attempt to effectuate removal within a ninety day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). While, during the ninety day "removal period," the alien must be detained, see id. § 1231(a)(2), after the ninety day removal period, the government may further detain the alien or release him subject to conditions of release. See id. § 1231(a)(6). Further detention is limited. In Zadvydas, the Supreme Court held that such further detention under § 1231(a)(6) is only permissible for "a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention" ). As the Magistrate Judge noted, although Petitioner's removal proceedings have taken longer than the average six months discussed in Zadvydas, Petitioner's detention is reasonable and appropriate given his criminal history. (Doc. 1; Doc. 8, pgs. 10-12). Further, the Magistrate Judge noted that Petitioner has failed to provide any evidence that there is no significant likelihood of removal in the reasonably foreseeable future and immigration officials contacted the Cambodian government to request travel documents for Petitioner's removal. (Doc. 6, pg. 9; Doc. 8, pg. 10).

Having received no objections, the Magistrate Judge's Report and Recommendation will be adopted and the petition for writ of habeas corpus (Doc. 1) will be denied.

**Date:** April 20, 2011

**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SOKPHO CHRUN,
      Petitioner

v.

ERIC HOLDER, et al.,
      Respondents

CIVIL NO. 3:11-53

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## ORDER

**AND NOW**, this 20th day of April, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 8) is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability.

_____
United States District Judge